IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>                                                     )<br>             v.                                    )<br>                                                     )<br>DELORIS K. COMPTON            )<br>                                                     ) | Cr. No. 06-146 (JDB) |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant, Deloris Compton, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the advisory United States Sentencing Guidelines, Ms. Compton respectfully asks the Court to sentence her to a period of incarceration of one year and one day.

### BACKGROUND

On May 26, 2006, the government filed a one-count Information charging Ms. Compton with Interstate Transportation of Stolen Property in violation of Title 18 U.S.C. § 2314. On June 30, 2006, Ms. Compton pled guilty, in accordance with a written plea agreement, to the Information. Ms. Compton is scheduled to be sentenced before this Court on September 7, 2006, at 9:30 a.m.

### DISCUSSION

**I.    THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when

1

sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

II.  **UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MS. COMPTON SHOULD RECEIVE A SENTENCE OF INCARCERATION OF ONE YEAR AND ONE DAY**

    A.    Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is 10 years.

    B.    Advisory Sentencing Guidelines

    (I).    *Applicable Guideline Range*

The Probation Office, consulting the 2005 edition of the Guidelines Manual, has concluded that the Ms. Compton's base offense level is 6. They have added 10 points due to the

loss amount. They have added 2 points because they believe she was employed in a position of private trust where she was afforded professional discretion. They have subtracted 3 points for acceptance of responsibility. The probation office has therefore concluded that the total offense level in this case is 15. They have also determined that Ms. Compton's criminal history category is I, resulting in an advisory Guideline range of 18-24 months.

  (2). *The Court Should Decline to Add 2 Points Under USSG § 3B1.3 because Ms. Compton Did Not Abuse a Position of Trust as it is Defined by the Guidelines*

Under USSG § 3B1.3, a defendant's base offense level may be increased by 2 points "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." Application Note 1 elaborates that a position of trust is "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primary and non-discretionary in nature." The adjustment only applies if the position of trust "contributed in some significant way to facilitating the commission or concealment of the offense." Id. The guidelines make clear that the enhancement does not apply in all cases, for example, it does not apply "in the case of an embezzlement or theft of an ordinary bank teller or hotel clerk because such positions are not characterized by the above-described factors." Id.

In United States v. West, 56 F.3d 216, 220 (D.C. Cir. 1995), this Circuit ruled that "the commentary's focus on positions characterized by professional or managerial discretion places a significant limit on the types of positions subject to the abuse-of-trust enhancement." The Court

in United States v. Smaw, 22 F.3d 330, 332 (D.C. Cir. 1994), recognized the danger of expanding the parameters of this enhancement too broadly because it would ultimately convert every position into one of trust. In this case, characterizing Ms. Compton's position at the PVA would be crossing that line. Ms Compton was an accountant at the PVA when this incident occurred. Though her official position was "senior" accountant, this title referred only to the amount of time she had worked at the PVA, it did not in any way reflect a managerial or supervisory role. Ms. Compton was not a manager, and she was not a supervisor. Her duties at the PVA were the same as those of the junior accountants, and she was subject to the same methods of review as her co-workers. She helped her younger colleagues sometimes when they had questions because she had been there longer, but she did not have any supervisory role or an managerial power, nor did she have any extra discretion in her job. Her position did not involve the type of managerial discretion which warrants the 2-point enhancement, and adjusting her base offense level with the increase would be erasing that line that courts have held must be maintained between ordinary positions and those that involve a special degree of trust. Accordingly, this Court should decline to add 2 points to Ms. Compton's base offense level for abuse of trust, and her total base offense level should therefore be a 13, giving her an advisory guideline range of 12-18 months.

  C. Section 3553 Factors

  As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a), sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and

4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

While Ms. Compton in no way wishes to diminish the seriousness of her offense, she notes that the crime to which she pled guilty was neither a crime of violence nor a drug-related offense. Though the amount of money Ms. Compton took was significant, she immediately accepted responsibility for her actions and has been in perfect compliance with every release condition. She understands that her behavior was by no means acceptable or appropriate, and she understands that the community at large suffers when people in her position take such actions. However, on a relative scale, the nature of the offense was not the most serious of crimes.

*II. Characteristics of the Defendant*

As the PSR indicates, Ms. Compton has endured extreme personal and emotional hardship over the past three decades. Ms. Compton's ex-partner, Matthew Unczur, was abusive and addicted to drugs. Due to Mr. Unczur's heroin habit, Ms. Compton has struggled both financially and emotionally to keep her family together and care for her two children. She has expended an endless amount of energy attempting the impossible task of trying to help a man

6

who refuses to help himself.  She has sacrificed so many of her wants and needs for her family, and ultimately, she feels that none of the sacrifices were worth it.  Mr. Unczur and Ms. Compton are no longer together, and while this is perhaps objectively a positive development, it leaves her feeling alone, empty, insecure, and as if the last thirty years of her life were wasted.

Though she has suffered through so many emotional pitfalls, Ms. Compton is lucky enough to have two loving children.  Her daughter, Nicole, has offered up her home to Ms. Compton and is more than willing to allow Ms. Compton to live with her until her life regains some sort of normalcy.  It is the support of her children that gives Ms. Compton hope.

While nothing can excuse what occurred in this case, the very desperate circumstances in Ms. Compton's life put her actions into context.  Ms. Compton is someone who has never received therapy or counseling for the years upon years of physical and emotional abuse she endured.  She is someone who has struggled in silence for the sake of her family.  She is someone who feels ashamed, embarrassed and humiliated for what she is done.  She is someone who has no criminal history and will never re-offend.  She is someone who deserves a break.

*III. Appropriate Sentence*

Given all the circumstances, it would appropriate in this case to sentence Ms. Compton to a period of incarceration at the low end of the guidelines of one year and one day.[1]  The primary concern in this case is the money that was taken and the organization which suffered as a result.  The remedy is for the PVA to get its money back.  Ms. Compton, by demonstrating impeccable

---

[1] Even if the Court decides to add 2 points pursuant to USSG § 3B1.3, bringing Ms. Compton's advisory guideline range to 18-24 months, Ms. Compton still asserts that she should receive a sentence of 12 months plus one day based upon the criteria set forth in 18 U.S.C. § 3553(a).

compliance with her release conditions, has proven that she can and will pay restitution. The one and only way to ensure that restitution is paid is to allow her to work. A sentence at the low end of the guidelines will allow the victim in this case to recover its money sooner rather than later. It will lessen the severe emotional distress that Ms. Compton and her children will have do endure while she is incarcerated. And because Ms. Compton is not likely to re-offend, the community will benefit more from having her working as a productive member of society and paying back her restitution than paying for her to be locked up in a facility somewhere, only worsening her financial difficulties and those of the victim in this case.

Ms. Compton does not object to the government's request that she refrain from working in a capacity that would give her access to financial accounts or finances.

## **CONCLUSION**

For the reasons set forth above, as well as for any others the Court may deem fair and reasonable, Ms. Compton asks the Court to sentence her to one year and one day of incarceration. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ext.105

8