UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**DELORIS COMPTON,**<br><br>**Defendant.** | **Criminal No. 06-146 (JDB)**<br><br>**FILED**<br>APR 0 9 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## ORDER

Over the last four months, the Court has received five letters from defendant and one letter from her daughter, all requesting a reduction in her sixteen-month sentence or, alternatively, home confinement in lieu of imprisonment. In short, the letters request lenient treatment based on defendant's personal hardship, remorse, and the presumed discretion of the Court.

Such discretion is strictly limited and does not exist here. "A district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so," and "does not have inherent power to resentence defendants at any time." United States v. Green, 405 F.3d 1180, 1184 (10th Cir. 2005) (quotations and citation omitted). The Federal Rules of Criminal Procedure provide two sources of authorization for a district court to amend a sentence: Rule 35(a) and Rule 36.[1] See, e.g., United States v. Bennett, 423 F.3d 271, 277 (3d Cir. 2005) (further noting that "the principle of finality underlies the rule

---

[1] Rule 35 provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error," or may reduce the sentence upon the government's motion in certain enumerated circumstances where defendant has provided "substantial assistance" in another investigation or prosecution. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

that a court may not substantively alter a judgment without specific authorization") (quoting United States v. DeLeo, 644 F.2d 300, 301 (3d Cir. 1981) (per curiam)). Defendant does not rely on those provisions in support of her request, nor does it appear that Rules 35 or 36 of the Federal Rules of Criminal Procedure would afford a basis for reduction or modification of her sentence. Indeed, no legal, technical, or clerical errors are alleged. Therefore, defendant's requests for relief from her sentence will be denied.

Defendant is also hereby advised that Local Criminal Rule 49.1 provides that "correspondence shall not be directed by the parties or their attorneys to a judge, nor shall papers be left with or mailed to a judge for filing." The letters sent to date will be filed in the docket for this matter, out of an abundance of caution, to ensure the completeness of the record. However, defendant is directed to refrain from mailing any further papers to chambers.

Accordingly, it is hereby

ORDERED that the letters requesting relief from sentence (attached) shall be filed on the docket by the Clerk of the Court; it is further

ORDERED that defendant's requests for relief from her sentence are DENIED; and it is further

ORDERED that defendant shall refrain from sending any further correspondence to chambers.

/s/ JOHN D. BATES
JOHN D. BATES
United States District Judge

Date: _April 6, 2007_

Copies to:

Deloris Compton
No. 2872 016 A3
Federal Prison Camp
P.O. Box A
Alderson, WV 24910

Rita Bosworth
Office of the Federal Public Defender
625 Indiana Avenue, Northwest
Washington, D.C.  20004

Timothy Lynch
U.S. Attorney's Office
555 Fourth St., NW
Washington, DC 20004